UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------- X
UNITED STATES OF AMERICA,

     -against-

MUHAMMAD AMIR SALEEM,

                                   Defendant.
-------------------------------------------------------------- X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:___6/27/22___

18-CR-274 (VEC)

OPINION AND ORDER

**VALERIE CAPRONI, United States District Judge:**

On April 28, 2022, Defendant Muhammad Amir Saleem moved for compassionate release pursuant to 18 U.S.C. § 3582(c).  *See* Def. Mem., Dkt. 86 at 1.  The Government opposes the motion on the merits.  *See generally* Gov. Opp., Dkt. 91-1.[1]  The Court is authorized to reduce Mr. Saleem's sentence under the rubric of compassionate release if, "after considering the factors set forth in [§] 3553(a)," it finds that "extraordinary and compelling reasons warrant such a reduction," 18 U.S.C. § 3582(c)(1)(A)(i).  For the reasons stated below, Mr. Saleem's motion for compassionate release is DENIED.

In November 2021, this Court sentenced Mr. Saleem to five years' imprisonment for his role in a conspiracy to commit money laundering.  *See* Judgment, Dkt. 84 at 1–2.  He has failed to demonstrate "extraordinary and compelling reasons" warranting a sentence reduction.  Mr. Saleem, who is fully vaccinated and has already contracted COVID-19, Def. Mem. at 3; Gov. Opp. at 5, does not argue that he is more susceptible to health issues stemming from COVID-19, but rather that the conditions of his confinement due to the COVID-19 pandemic — both in the United States and when he was previously incarcerated in Australia — have prevented him from obtaining necessary medical treatment for "depression, anxiety, depressive disorder, anxious

---

[1]    Mr. Saleem waived his right to file a reply in support of his motion.  *See* Letter, Dkt. 93.

distress, and obesity," Def. Mem. at 2.  Mr. Saleem also points to the general hardships of being incarcerated during COVID-19, such as lockdowns and other restrictions, *id.* at 2–3; difficulties in his personal life, such as his divorce and loss of custody of his children, *id.* at 2; his mother's need for his support, *id.* at 3; his cooperation with the United States, *id.* at 4; and his positive record while incarcerated, including working on suicide watch and as an inmate companion, *id.* at 3.

The undeniably burdensome conditions of confinement that COVID-19 has wrought, while no doubt difficult, are a generalized situation that does not constitute compelling circumstances for Mr. Saleem in particular.  Gov. Opp. at 5–6.  While the Court sympathizes with the unusual difficulties of incarceration during the pandemic, Mr. Saleem has — commendably — been vaccinated against COVID-19.  *Id.* at 5.  Mr. Saleem's medical needs have not been so impaired by the current restraints at his facility as to indicate the sort of current, severe medical risk that might merit a sentence reduction.  *Id.* at 6.

The Court is sympathetic to Mr. Saleem's personal difficulties and is encouraged by his positive record while incarcerated.  *See* Def. Mem. at 2–3.  But the Court already considered those factors when it sentenced Mr. Saleem, *see, e.g.*, Sent. Tr., Dkt. 89 at 4, 25, and they do not now constitute extraordinary or compelling reasons for Mr. Saleem's release.

Even assuming Mr. Saleem had demonstrated "extraordinary and compelling reasons" warranting a potential sentence reduction, his release at this point would result in an inadequate punishment for his crime, considering the applicable factors set forth in 18 U.S.C. § 3553(a).  Mr. Saleem committed a serious offense: he coordinated money laundering transactions stemming from narcotics trafficking.  Gov. Opp. at 1–2, 6; Sent. Tr. at 5.  Given the seriousness of the crime to which Mr. Saleem pled guilty, the sentence that was imposed was and remains

appropriate.  None of the factors to which he has pointed in his motion for compassionate release alters that determination.

Although Mr. Saleem does not qualify for compassionate release, the Court remains hopeful that, even within the constraints currently imposed because of COVID-19, Mr. Saleem can use his time in prison wisely to become a productive and law-abiding member of society upon his release and deportation.

The Clerk of Court is respectfully directed to close the open motion Docket Entries 86 and 87.

**SO ORDERED.**

Date:  **June 27, 2022**
       **New York, NY**

**VALERIE CAPRONI**
**United States District Judge**