USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 03/22/2023

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
UNITED STATES OF AMERICA,                          :
                                                                        :
        -against-                                              :        18-CR-274 (VEC)
                                                                        :
MUHAMMAD AMIR SALEEM,                         :        OPINION AND ORDER
                                                                        :
                                            Defendant.    :
-------------------------------------------------------------- X

VALERIE CAPRONI, United States District Judge:

      In November 2021, this Court sentenced Defendant Muhammad Amir Saleem, a citizen of Pakistan who is subject to deportation, to five years' imprisonment for his role in a conspiracy to commit money laundering. *See* Judgment, Dkt. 84, at 1–2. On February 27, 2023, Mr. Saleem moved for compassionate release pursuant to 18 U.S.C. § 3582(c). *See* Def. Mem., Dkt. 110.[1] For the reasons stated below, Mr. Saleem's motion for compassionate release is DENIED.

      The Court is authorized to reduce Mr. Saleem's sentence under the rubric of compassionate release if, "after considering the factors set forth in [§] 3553(a)," it finds that "extraordinary and compelling reasons warrant such a reduction." 18 U.S.C. § 3582(c)(1)(A)(i).

      Mr. Saleem requests compassionate release because he purportedly would have been eligible for release in January 2023 pursuant to "recent changes" in Bureau of Prisons ("BOP") policy allowing federal prisoners who are subject to being deported, like Mr. Saleem, to benefit from earned time credits under the First Step Act — so long as their sentences include a period

---

[1] The Court denied Mr. Saleem's alternative motion to modify his sentence on grounds other than compassionate release because it is unaware of (and Mr. Saleem has not identified) any authority to do so. *See* Order, Dkt. 111.

of supervised release.  *See* Def. Mem. at 1–2 (citing BOP Procedures, Dkt. 110-1).[2]  Mr. Saleem argues that compassionate release is appropriate to avoid what would otherwise be an unwarranted disparity between himself and similarly situated defendants whose sentences include terms of supervised release.  *See* Def. Reply, Dkt. 114, at 2.

As compared to defendants who receive a term of supervised release as part of their sentences, Mr. Saleem will not have to endure the post-confinement restrictions ordinarily associated with supervised release.  *See* Gov't Mem., Dkt. 113, at 4.  The Court declines to grant Mr. Saleem the benefit of a supervised release term just because defendants who *are* subject to post-release restrictions may benefit from earned time credit under the First Step Act.  *Cf. United States v. MacCallum*, 511 F. Supp. 3d 419, 428 (W.D.N.Y. 2021) (denying a defendant's compassionate release motion even though his Canadian citizenship prevented him from being released to home confinement for the remainder of his prison sentence in part because he would be unsupervised if released and deported to Canada).

Although the Court commends Mr. Saleem for his positive institutional adjustment and his pursuit of education while incarcerated, he has failed to demonstrate "extraordinary and compelling reasons" warranting a sentence reduction.

The Clerk of Court is respectfully directed to close the open motions at Docket Entries 110 and 114.

**SO ORDERED.**

Date:  March 22, 2023
      New York, NY

**VALERIE CAPRONI**
**United States District Judge**

---

[2] Mr. Saleem invokes harsh conditions of imprisonment during the COVID-19 pandemic as a further reason justifying compassionate release.  *See* Def. Mem., Dkt. 110, at 2; Def. Reply, Dkt. 114, at 3.  The Court already denied compassionate release on that basis.  *See* Opinion & Order, Dkt. 94.